GIBLIN, Associate Justice.
By an alternative writ of mandamus issued by the court below, the appellee officials were commanded to effect the issuance to the appellants of a municipal license for the operation of a small fourteen-room hotel (owned by the appellants) or to show cause why the issuance of the license should not be required by a peremptory writ.
In their return the appellees pointed to the provisions of a “hotel zoning ordinance” in which a hotel is defined as “a building containing fifteen or more bedrooms intended or available for boarders”; and predicated their refusal to effect the issuance of the license applied for on the facts (averred in the return) that the appellant’s hotel contains less than the prescribed number of bedrooms and is in a zone in which, by the ordinance, the operation of a hotel having less than the prescribed number of bedrooms is prohibited.
The adverse provisions of the zoning ordinance were not challenged by the appellants in their petition for the issuance of the alternative writ. The ordinance was not mentioned in either the petition or the writ. If such ordinance provisions are constitutional and valid, it is obvious that the appellants are not entitled to the license sought because admittedly their hotel is not “a building containing fifteen or more bedrooms intended or available for boarders.”
The appellants moved for the issuance of a peremptory writ notwithstanding the return. The motion was denied and the cause was dismissed. The appellants then petitioned for a rehearing and for a vacation of the order of dismissal, urging that the dismissal precluded the presentation of *668 “issues of fact and law that were not- and could not be presented to the court for determination on the motion for peremptory writ.” The petition was denied.
We think that when the appellees’ reliance on the provisions o'f the zoning ordinance was evidenced by the return counsel for the appellants should have requested, pursuant to common law rule 57(c), 30 F. S.A., an amendment of the alternative writ so that the “issues of fact and law” as to the constitutionality and validity of such provisions would have been presented appropriately to the court below for consideration and determination.
Our view, however, is that, while the judge below correctly denied the motion for the issuance of a peremptory writ notwithstanding the return, he should have vacated the order of dismissal, on the appellants’ motion, and allowed the alternative writ to be amended for the indicated purpose. We do not think that in the circumstances the appellants should be penalized' for the failure of counsel to make an earlier request for the amendment.
The appellants prayed for the issuance of a license for “the period beginning October 10, 1951, and ending September 30, 1952.” The alternative writ was issued July 29, 1952, and on the return day specified in the writ, August 29, 1952, the ap-pellees’ return was filed. The motion for the issuance of a peremptory writ notwithstanding the return was not argued until after the expiration of the mentioned period. The order by which the motion was denied and the cause dismissed was not made until April 16, 1953. The order denying the petition for a rehearing and for a vacation of the order of dismissal was made May 19, 1953.
The appellees advance the contention (which we should not leave unnoticed) that the question of whether the appellants were entitled to the issuance of the license applied for had become moot even before the orders appealed from had been entered and that, therefore, the appeal presents only moot questions which should not be decided by this court.
The contention is not without force, but our answer to it is that if the appellants had been allowed to amend the alternative writ, as we think they1 should have been, the commands of the amended writ could and should have been such as to require the appellees to effect the issuance of a current license or to show cause for their refusal to do so.
For the reasons stated the orders appealed from are reversed and the cause is remanded for further appropriate proceedings which shall be consistent with the views we have expressed.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.